**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI CIVIL DIVISION

ERLINDA R. CINCO,

    *Plaintiff,*

v.                                  Case No.

CARNIVAL CORPORATION,
A Foreign Corporation,

    *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Erlinda R. Cinco, sues Defendant, Carnival Corporation, a Foreign Corporation ("Carnival"), for damages and alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Erlinda Cinco is a resident of the State of Washington.

2.      Defendant Carnival is a Panamanian corporation doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3.      This Court has diversity jurisdiction under 28 U.S.C. §1332 because Plaintiff is a citizen of Washington, Carnival is a Panamanian corporation whose principal place of business is in Florida, and the amount in controversy exceeds $75,000.00. Admiralty jurisdiction is also proper under 28 U.S.C. § 1333 as the cause of action is a maritime tort.

4.      The Miami Division of the Southern District of Florida is the proper venue for this action pursuant to 28 U.S.C. § 1391 because Carnival operates a cruise line business in Florida

under the name Carnival Cruise Lines, and the parties agreed to litigate this dispute here pursuant to the forum selection clause contained within the Defendant's cruise ticket.

### FACTS COMMON TO ALL COUNTS

5.      At all times material, Carnival owned, operated, possessed and/or controlled the M/V Carnival Miracle ("the ship").

6.      Plaintiff was a passenger (a ticketed invitee) lawfully aboard the vessel for a multi-day cruise in September of 2021 (the cruise).

7.      During the cruise, the ship transported passengers between the port in Seattle, Washington and Alaska.

8.      On September 8, 2021, Ms. Cinco was walking on the 10th deck of the ship with her granddaughter. While she was walking, she was holding onto a handrail with her right hand to steady herself because the ship was at sea.

9.      While walking, Ms. Cinco and her granddaughter came upon a row of lounge chairs which blocked the continued use of the handrail she had been holding onto while walking. Because of the chairs, Ms. Cinco decided to walk to the opposite side of the walkway to hold onto the handrail on her left side.

10.     At the time that Ms. Cinco was walking across the walkway to the left-side handrail, Ms. Cinco saw a crewmember nearby in the walkway who was mopping the deck. Another reason Ms. Cinco wanted to reach the left side handrail was because of the crewmember who was mopping and the hazard created by the mopping of the deck.

11.     Ms. Cinco's granddaughter was also walking toward the left-side handrail and was walking in front of Ms. Cinco. Suddenly and unexpectedly, Ms. Cinco tripped on a chair leg which was angled or bent out into the walkway. When she tripped, she fell and became injured.

12.     As a result of tripping and falling, Plaintiff Cinco sustained injuries to right shoulder and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I – NEGLIGENT FAILURE TO WARN

Plaintiff hereby repeats and realleges paragraphs 1 – 12 as fully incorporated herein. The plaintiff further alleges:

13.     Defendant Carnival had the duty to exercise reasonable care under the circumstances with regard to passengers on its ships.  This duty included the duty to warn Plaintiff of hazardous or dangerous conditions that it either knew of, or should have known of, in areas where passengers were either invited or reasonably expected to visit during the cruise.

14.     Carnival did reasonably expect Ms. Cinco and other passengers to be walking in the area where the plaintiff fell, because it was a public walking area where passengers were permitted and invited to walk to different areas and activities on the ship.

15.     In the area where Ms. Cinco was walking, a leg of one of the lounge chairs was in an angled out position and jutting out into the walkway. The chair leg was either bent outward from defect or wear and tear, or was designed with an outward angle. Whether it was by design or defect, the chair leg jutted out into the walkway which created a dangerous condition for passengers walking from one handrail to the other such as Ms. Cinco was before her injury.

16.     Carnival knew or should have known that the chair leg was in the dangerously designed or defective condition. Carnival has had passengers trip and fall on chair legs sticking out in walkways in the same or similar condition as the subject lounge chair leg. The chair leg also existed in the dangerous condition for a period of time long enough that Defendant Carnival should have discovered the defect upon reasonable inspection. The leg either bent over time which would

take considerable time to develop, or the chair came to Carnival with the design which was known to be dangerous to passengers based on past similar injuries of trips over chair legs.

17.     The condition was not open and obvious to passengers like Ms. Cinco. The chair leg was a light grey color and did not reasonably stand out from the deck. Additionally, Ms. Cinco was concentrating on avoiding the mopping Carnival crewmember while she was walking.

18.     There were no warnings provided to Ms. Cinco or other passengers about the condition of the chair leg at the time of her injury. There were no signs, tape on the chair, or other warnings provided to alert Ms. Cinco of the dangerous condition.

19.     On September 8, 2021, the Defendant and/or its agents, servants and/or employees and/or crewmembers breached its duty of care to the Plaintiff and was negligent by failing to warn the Plaintiff of the dangerous condition described above.

20.     The above acts and/or omissions proximately caused and/or contributed to the Plaintiff being injured, because the Plaintiff either would have avoided the area while walking or would not have gone on the cruise had she known she could not rely on the Defendant to warn her when she would encounter known dangers on the vessel.

21.     As a direct and proximate result of the Defendant's negligent failure to warn the plaintiff of the dangerous condition, Plaintiff Cinco sustained severe injury to her right shoulder and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Erlinda Cinco prays judgment to be entered against Defendant Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including payment and post judgment interest and costs. Plaintiff demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN
## THE VESSEL IN A REASONABLE CONDITION

Plaintiff hereby repeats and realleges paragraphs 1 – 12 as fully incorporated herein. The plaintiff further alleges:

22.     Defendant Carnival owed the plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise. This duty includes the duty to maintain the vessel in a condition reasonably safe for its passengers.

23.     During the subject cruise, the defendant failed to act with reasonable care under the circumstances when its crewmembers failed to maintain the vessel in a reasonably safe condition and created a dangerous condition with actual knowledge of the particular dangers.

24.     First, the defendant and/or its agents, servants and/or employees and/or its crewmembers selected and set up the lounge chairs in the area had at least one chair which was set up on the end that had an angled  leg sticking out into the walkway. This leg sticking out was either by design or due to bending over time. The defendant knew prior to the incident that many past cruise passengers have tripped, fallen, and become injured by tripping on chair legs in walkways that were the same or substantially similar to the subject chair leg.

25.     The defendant and/or its agents, servants and/or employees and/or its crewmembers also acted with negligence when its crewmember mopped the deck in the walkway at the time that passengers were walking through the area. The defendant knew prior to the incident that when its crewmembers mop in passenger walkways without warnings posted that it can create dangerous

conditions for its passengers because of slippery floors. The defendant's crew failed to mark or block off the area from passenger access while mopping.

26.     The combination of the following circumstances which was created by the defendant and/or its agents, servants and/or employees and/or its crewmembers constituted a dangerous condition(s) which caused Ms. Cinco to trip, fall, and become injured:

    a.  Placing lounge chairs which blocked use of the hand rail on the right side of the subject walkway, causing Ms. Cinco who was using the handrail for stability to walk to the opposite side of the walkway to use the left side hand rail;

    b.  Selecting lounge chairs which had an angled style leg that juts out beyond the end of the chair and is a tripping hazard, or by failing to inspect its lounge chairs over time to observe warping which caused the chair leg to bend and angle out; and

    c.  Allowing a crewmember to mop in a public area where passengers were known to be walking without blocking off the area to prevent passengers from walking.

27.     In addition to walking behind her granddaughter which blocked her view of the chair leg in whole or in part, Ms. Cinco having to switch hand rails while also attempting to avoid walking in the area that was being mopped caused her to fail to see there was a chair leg sticking out into the path way. Ms. Cinco was also having to look at and watch the crewmember who was mopping the deck because she did not want to encounter a wet, slippery deck.

28.     The above acts and omissions of the defendant listed in Count II of this complaint were negligent and caused Plaintiff Cinco to fall and become injured.

29.     The above also proximately caused Ms. Cinco's injury, because if she had not had to change hand rails she would not have passed the chair leg; if the chair leg was not present or not angled (or both) her foot would not have tripped over it; and if the crewmember was either not

mopping in that area or had blocked the area off while mopping, Ms. Cinco would not have had to divert her attention from observing where she was walking to avoiding the mopping area at the time of her fall.

30.     As a direct and proximate result of the Defendant's negligent failure to use reasonable care under the circumstances and creation of a dangerous condition, Plaintiff Cinco sustained severe injury to her right shoulder and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Erlinda Cinco prays judgment to be entered against Defendant Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including payment and post judgment interest and costs. Plaintiff demands trial by jury.

## COUNT III – VICARIOUS LIABILITY

Plaintiff hereby repeats and realleges paragraphs 1 – 12 as fully incorporated herein. The plaintiff further alleges:

31.     Defendant Carnival owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances when operating its cruise ship Carnival Miracle.  This duty includes the duty to safely and properly maintain the decks on which passengers are walking.  Defendant Carnival also had the duty to warn its passengers of the hazards and dangers of which it either knew or had constructive notice.

32.     The defendant is vicariously liable for breach of the above duties through the direct actions and inactions of its agents, employees, crew members, and servants.

33.     Defendant's agents, employees, crew members, and servants had actual knowledge of the dangerous condition, because a crewmember was mopping and failed to mark or block the area off which created the dangerous condition.

34.     The Defendant's agents, employees, crew members, and servants were negligent, and failed to use reasonable care under the circumstances, and in turn caused the Plaintiff's injuries, by failing to provide any warning (signs, cones, or other form of sufficient warning) for Plaintiff of the dangerous condition of the wet, slippery deck. A proper and timely marking or blocking off othe area where the deck mopping was occurring would have give Ms. Cinco and early and adequate time to avoid the entire area.

35.     Defendant Carnival's agents, employees, crew members, and servants were negligent in maintaining the vessel, and in turn caused the Plaintiff's injuries by:

    a.  failing to mop at a time when passengers were not walking in the subject area; and

    b.  failing to mitigate a known dangerous condition by not marking or blocking off the area of the mopping.

36.     As a direct and proximate result of the Defendant's negligent failure to use reasonable care under the circumstances and creation of a dangerous condition, Plaintiff Cinco sustained severe injury to her right shoulder and other parts of her body resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either

permanent or continuing and Plaintiff will suffer the losses in the future. The Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Erlinda Cinco prays judgment to be entered against Defendant Carnival Corporation, for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) including payment and post judgment interest and costs. Plaintiff demands trial by jury.

<div style="margin-left:40%;">

*/s/  Catherine Saylor*
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Cinco*

</div>